UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **VERNA ALLEN LIGHTFOOT** | \* | CIVIL ACTION NO.: 6:22-cv-05921 |
| | \* | |
| **VERSUS** | \* | JUDGE:  ROBERT R. SUMMERHAYS |
| | \* | |
| **DOVER BAY SPECIALTY** | \* | MAGISTRATE JUDGE: |
| **INSURANCE COMPANY** | \* | DAVID J. AYO |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ANSWER AND DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT
AND DEMAND FOR JURY TRIAL**

**NOW COMES**, through undersigned counsel, defendant, Dover Bay Specialty Insurance Company, who files this Answer and Defenses and, in support of same, states as follows:

**FIRST DEFENSE**

The claims stated in the Petition are based on a contract of insurance between the parties. Dover Bay avers that the policy issued to Plaintiff, being a written contract, is the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein in their entirety.

**SECOND DEFENSE**

To the extent that Plaintiff has already received any payments from Dover Bay for her losses, Dover Bay avers that those payments were appropriate, and in the event of a further judgment in favor of Plaintiffs, Dover Bay claims a credit or a setoff for all amounts previously paid.

**THIRD DEFENSE**

Dover Bay avers that the insurance policy at issue states the following:

**SECTION I – LOSSES INSURED**

**COVERAGE A – DWELLING**

We will pay for accidental direct physical loss to the property described in Coverage A, unless the loss is excluded or limited in SECTION I – LOSSES NOT INSURED or otherwise excluded or limited in this policy.  However, loss does not include and we will not pay for, any diminution in value.

**COVERAGE B – PERSONAL PROPERTY**

We will pay for accidental direct physical loss to the property described in Coverage B caused by the following perils, unless the loss is excluded or limited in SECTION I – LOSSES NOT INSURED or otherwise excluded or limited in this policy.  However, loss does not include and we will not pay for, any diminution in value.

## FOURTH DEFENSE

Dover Bay avers that that insurance policy at issue excludes the following losses:

## SECTION I – LOSSES NOT INSURED

1. We will not pay for any loss to the property described in Coverage A that consists of, or is directly and immediately caused by one or more of the perils listed in items a. through m. below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

    g. wear, tear, decay, marring scratching, deterioration, inherent vice, latent defect, or mechanical breakdown;

    h. corrosion, electrolysis, or rust;

    i. wet or dry rot;

    …

    k. settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations (including slabs, basement walls, crawl space walls, and footings), walls, floors, roofs, or ceilings;

## FIFTH DEFENSE

2. We will not pay for, under any part of this policy, any loss that would not have occurred in the absence of one or more of the following excluded events. We will not pay for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the

residence premises, arises from natural or external forces, or occurs as a result of any combination of these:

a. Ordinance or Law, meaning enforcement of any ordinance or law regulating the construction, repair, or demolition of a building structure or other structure;

b. Earth Movement, meaning the sinking, rising, shifting, expanding, or contracting the earth, all regardless of whether combined with water, sewage, or any material carried by, otherwise moved by the earth;

c. Water, meaning:

  (1) flood;

  (2) surface water. This does not include water solely caused by the release of water from a swimming pool, spigot, sprinkler system, hose, or hydrant;

d. Neglect, meaning neglect of the insured to use all reasonable means to save and preserve the property at and after the time of a loss, or when property is endangered.

g. Fungus, including:

  (1) any loss of use or delay in rebuilding, repairing, or replacing covered property, including any associated cost or expense, due to interference at the residence premises or location of the rebuilding, repair, or replacement, by fungus;

  (2) any remediation of fungus, including the cost to:

    (a) remove the fungus from covered property or to repair, restore, or replace that property; or

    (b) tear out and replace any part of the building structure or other property as needed to gain access to the fungus; or

  (3) the costs of any testing or monitoring of air or property to confirm the type, absence, presence, or level of fungus, whether performed prior to, during, or after removal, repair, restoration, or replacement of covered property.

## SIXTH DEFENSE

Dover Bay avers that that insurance policy at issue excludes the following losses:

## SECTION I – LOSSES NOT INSURED

3.     We will not pay for, under any part of this policy, any loss consisting of one or more of the items below. Further, we will not pay any loss described in paragraph 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to, or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss;

. . . .

    b.     defect, weakness, inadequacy, fault, or unsoundness in:

        (1)     planning, zoning, development, surveying, or siting;

        (2)     design, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction;

        (3)     materials used in repairs, construction, renovation, remodeling, grading or compaction;

        (4)     maintenance;

    of any property (including land, structures, or improvements of any kind) whether on or off the residence premises; or

    c.     weather conditions.

However, we will pay for any resulting loss from items 3.a., 3.b., and 3.c unless the resulting loss is itself a Loss Not Insured as described in this Section.

### **SEVENTH DEFENSE**

Dover Bay avers that the insurance policy at issue states the following:

### **SECTION I – LOSS SETTLEMENT**

We will settle covered property losses according to the following. However, the valuation of any covered property losses does not include, and we will not pay, any amount for diminution of value.

### **COVERAGE A – DWELLING**

1.     We will pay the cost to repair or replace with like kind and quality for the same use on the premises shown in the Declarations, the damaged part of the property covered under SECTION I – PROPERTY COVERAGES, COVERAGE A –DWELLING, except for wood fences, subject to the    following:

    a.     until actual repair or replacement is completed, we will pay only the actual cash value of the damage part of the property, up to the applicable limit of liability shown

    in the Declarations, not to exceed the cost to repair or replace the damaged part of the property;

  b. when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the Declarations, whichever is less;

  c. to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify us within 30 days after the work has been completed; and

  d. we will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair or demolition of a building construction or other structure, except as provided under Optional Policy Provision, Option OL – Building Ordinance or Law.

2. Wood Fences: We will pay the actual cash value at the time of loss for loss or damage to wood fences, not to exceed the limit of liability shown in the Declarations for COVERAGE A – Other Structures.

## **EIGHTH DEFENSE**

Dover Bay avers that the insurance policy at issue states the following:

### **SECTION I – LOSS SETTLEMENT**

. . . .

## **COVERAGE B – PERSONAL PROPERTY**

1. We will pay the cost to repair or replace property covered under SECTION I – PROPERTY COVERAGES, COVERAGE B – PERSONAL PROPERTY, with property of like kind and quality, except for property listed in item 2. below, subject to the following:

  a. until repair or replacement is completed, we will pay only the actual cash value of the damaged property;

  b. after repair or replacement is completed, we will pay the difference between the actual cash value and the cost you have actually and necessarily spent to repair or replace the property; and

  c. if property is not repaired or replaced within two years after the date of loss, we pay only the actual cash value.

2. We will pay market value at the time of loss for:

    a.    antiques, fine arts, paintings, statuary and similar articles which by their inherent nature cannot be replaced with new articles;

    b.    articles whose age or history contribute substantially to their value including, but not limited to, memorabilia, souvenirs and collectors items; and

    c.    property not useful for its intended purpose.

However, we will not pay an amount exceeding the smallest of the following for items 1. and 2. above:

    a.    our cost to replace at the time of loss;

    b.    the full cost of repair;

    c.    any special limit of liability described in the policy; or

    d.    any applicable Coverage B limit of liability.

## **NINTH DEFENSE**

Dover Bay avers that the insurance policy at issue states the following:

## **SECTION I – CONDITIONS**

. . . .

2.    Your Duties After Loss. After a loss to which this insurance may apply, you must cooperate with us in the investigation of the claim and also see that the following duties are performed:

    . . . .
    b.    protect the property from further damage or loss and also:

        (1)    make reasonable and necessary temporary repairs required to protect the property; and

        (2)    keep an accurate record of repair expenses;

    . . . .

    e.    submit to us, within 60 days after the loss, your signed, sworn proof of loss that sets forth, to the best of your knowledge and belief:

    (1) the time and cause of loss;

    . . . .

    However, if loss arises due to a catastrophic event for which a state of disaster or emergency is declared pursuant to law by civil officials, and the covered property is located in an area within the declaration, you must submit the proof of loss to us within 180 days; but this 180 day period does not commence as long as the declaration of disaster or emergency is in existence and civil authorities are denying you access to your property.

## TENTH DEFENSE

Dover Bay avers that the insurance policy at issue states the following:

### SECTION I –PROPERTY COVERAGES

…

**COVERAGE C – LOSS OF USE**

The most we will pay for the sum of all losses combined under Additional Living Expenses, Fair Rental Value, and Prohibited Use is the limit of liability shown in the Declarations for Coverage C – Loss of Use.

1.     Additional Living Expense. When a Loss Insured causes the residence premises to become uninhabitable, we will pay the reasonable and necessary increase in cost incurred by an insured to maintain their normal standard of living for up to 24 months. Our payment is limited to incurred costs for the shortest of:

    a.    the time required to repair or replace the premises;

    b.    the time required for your household to settle elsewhere; or

    c.    24 months.

    This period of time is not limited by the expiration of this policy.

    We will not pay more than the limit of liability shown in the Declarations for Coverage C – Loss of Use. Any normal expenses that are reduced or discontinued due to a loss insured will be subtracted from any amount owed.

…

3.     Prohibited Use. We will pay Additional Living Expense and Fair Rental Value, for a continuous period not to exceed two weeks, beginning when a civil authority issues an order of evacuation or prohibits your use of the residence premises, provided that:

    a.    direct physical damage occurs to any property, other than covered property located on the residence premises, arising from a cause of loss that would be a loss insured under this policy if the damage had occurred to property on the residence premises;

  b.  the residence premises is within one mile of property damaged by a cause of loss identified in 3.a. above; and

  c.  the action of the civil authority is taken in response to:

    (1)  dangerous physical conditions resulting from the continuation of the cause of loss identified in 3.a. above;

    (2)  dangerous physical conditions resulting from the damage caused by the cause of loss identified in 3.a. above; or

    (3)  the need to gain free access to property damaged by the cause of loss identified in 3.a. above.

We will not pay for loss or expense due to cancellation of a lease or agreement.

### ELEVENTH DEFENSE

Should it be found that the damages sought by Plaintiff were caused in part by a covered cause of loss and that any other insurance provides coverage for that covered cause of loss, Dover Bay pleads the "other insurance" provisions of the applicable insurance policy.

**AND NOW**, answering the severally numbered articles of the Plaintiff's Complaint, Dover Bay respectfully avers:

1.

Dover Bay denies the allegations of Paragraph 1 as written, except to admit that Hurricane Ida made landfall on August 29, 2021, and that the National Weather Service presently reports that Hurricane Ida made landfall at or near Port Fourchon, Louisiana. Further, Dover Bay avers it issued payment to the Plaintiff for amounts owed under her Dover Bay homeowners policy (no. XLH258203) for which it received satisfactory proof of loss.

2.

The allegations of Paragraph 2 are admitted upon information and belief.

3.

Dover Bay admits that it is a foreign insurance company licensed to do business in the State of Louisiana and may be served through the Louisiana Secretary of State.

4.

Dover Bay admits that it is an admitted insurer authorized to do business in the State of Louisiana.

5.

Dover Bay denies it is presently liable to Plaintiff for any sum; that said, Dover Bay does not deny Plaintiff's allegations regarding jurisdiction as alleged in Paragraph 5.

6.

Dover Bay denies the allegations of Paragraph 6 as written, except to admit that Dover Bay engages in the business of insurance in the State of Louisiana.

7.

Dover Bay admits that the United States District Court for the Western District of Louisiana is a proper venue for this action.

8.

Dover Bay admits it issued homeowners policy number XLH258203 (the "Policy") to Verna Allen Lightfoot and that the location of the residence premises listed on the Policy is 619 David Drive, Patterson, Louisiana 70392. Dover Bay further admits that the Policy was in full force and effect on August 29, 2021. Dover Bay avers that the Policy is the best evidence of its contents, including its coverages, exclusions, and conditions.

9.

Dover Bay admits it charged a premium in consideration for the coverages provided under the Policy. Dover Bay avers that the Policy is the best evidence of its contents, including its coverages, exclusions, and conditions. Dover Bay denies all else.

10.

Dover Bay admits it issued homeowners policy number XLH258203 to Verna Allen Lightfoot and that the location of the residence premises listed on the Policy is 619 David Drive, Patterson, Louisiana 70392. Dover Bay avers that the Policy is the best evidence of its contents, including its coverages, exclusions, and conditions. Dover Bay denies all else.

11.

In response to Paragraph 11, Dover Bay avers that the Policy is the best evidence of its contents, including its coverages, exclusions, and conditions.

12.

Paragraph 12 asserts legal argument and not factual allegations; thus, no response is required from Dover Bay.

13.

Dover Bay admits that Hurricane Ida made landfall on August 29, 2021, and that the National Weather Service presently reports that Hurricane Ida made landfall at or near Port Fourchon, Louisiana. Dover Bay denies the remaining allegations as written.

14.

Dover Bay denies the allegations of Paragraph 14 as written. Dover Bay admits that Plaintiff's property sustained some damage associated with Hurricane Ida; however, the extent of damage is disputed.

15.

Dover Bay does not currently contend that Plaintiff has failed to comply with her duties under the Policy.

16.

Dover Bay denies the allegations of Paragraph 16 as written and for lack of sufficient information to justify a belief therein.

17.

Dover Bay denies the allegations in the "chronology" of Paragraph 17 as written and denies that the "chronology" is a complete and accurate timeline of the claim activities in this matter.

18.

Dover Bay denies the allegations of Paragraph 18.

19.

Dover Bay denies the allegations of Paragraph 19. Dover Bay avers it issued payment to the Plaintiff for amounts owed under the Policy for which it received satisfactory proof of loss.

20.

In response to Paragraph 20, Dover Bay reasserts its defenses and fully incorporates its responses to Paragraphs 1 through 19.

21.

Dover Bay admits it issued homeowners policy number XLH258203 to Verna Allen Lightfoot and that the location of the residence premises listed on the Policy is 619 David Drive, Patterson, Louisiana 70392. Dover Bay avers that the Policy is the best evidence of its contents, including its coverages, exclusions, and conditions.

22.

Dover Bay does not currently contend that Plaintiff has failed to comply with her duties under the Policy.

23.

In response to the allegations of Paragraph 23, Dover Bay avers that the Policy is the best evidence of Dover Bay's legal and contractual obligations owed to the Plaintiff. Dover Bay denies all else.

24.

Dover Bay denies the allegations of Paragraph 24. Dover Bay avers that the inspection it conducted provided sufficient information to Dover Bay to identify the covered damages. Dover Bay further avers that it has indemnified Plaintiff for the losses for which Dover Bay has received satisfactory proof of loss.

25.

Dover Bay denies the allegations of Paragraph 25. Dover Bay avers that it has indemnified Plaintiff for the losses for which Dover Bay has received satisfactory proof of loss.

26.

Dover Bay denies the allegations of Paragraph 26 as written.

27.

Dover Bay denies the allegations of Paragraph 27 as written.

28.

Dover Bay denies the allegations of Paragraph 28. Dover Bay avers that it has indemnified Plaintiff for the losses for which Dover Bay has received satisfactory proof of loss.

29.

The allegations of Paragraph 29 are denied and denied for lack of sufficient information to justify a belief therein.

30.

In response to Paragraph 30, Dover Bay reasserts its defenses and fully incorporates its responses to Paragraphs 1 through 29.

31.

Paragraph 31 asserts legal conclusions and not factual allegations; thus, no response is required. Dover Bay avers that La. R.S. 22:1973, read in its entirety, is the best evidence of the statute referenced by Plaintiff in Paragraph 31.

32.

Paragraph 32 asserts legal conclusions and not factual allegations; thus, no response is required. Dover Bay avers that La. R.S. 22:1973, read in its entirety, is the best evidence of the statute referenced by Plaintiff in Paragraph 32.

33.

Dover Bay denies the allegations of Paragraph 33 and its subparagraphs (a)-(q).

34.

The allegations of Paragraph 34 are denied and denied for lack of sufficient information to justify a belief therein.

35.

Paragraph 35 asserts legal conclusions and not factual allegations; thus, no response is required. Dover Bay avers that La. R.S. 22:1973, read in its entirety, is the best evidence of the statute referenced by Plaintiff in Paragraph 35.

36.

Dover Bay denies that it is liable for the penalties sought in Paragraph 36.

37.

In response to Paragraph 37, Dover Bay reasserts its answers and fully incorporates its responses to Paragraphs 1 through 36.

38.

Paragraph 38 asserts legal conclusions and not factual allegations; thus, no response is required. Dover Bay avers that La. R.S. 22:1892, read in its entirety, is the best evidence of the statute referenced by Plaintiff in Paragraph 38.

39.

Paragraph 39 asserts legal conclusions and not factual allegations; thus, no response is required. Dover Bay avers that La. R.S. 22:1892, read in its entirety, is the best evidence of the statute referenced by Plaintiff in Paragraph 39.

40.

Paragraph 40 asserts legal conclusions and not factual allegations; thus, no response is required. Dover Bay avers that La. R.S. 22:1892, read in its entirety, is the best evidence of the statute referenced by Plaintiff in Paragraph 40.

41.

Dover Bay denies the allegations of Paragraph 41.

42.

Dover Bay denies the allegations of Paragraph 42.

43.

Dover Bay denies the allegations of Paragraph 43.

44.

The allegations of Paragraph 44 are denied and denied for lack of sufficient information to justify a belief therein.

45.

Paragraph 45 asserts legal conclusions and not factual allegations; thus, no response is required. Dover Bay avers that La. R.S. 22:1892, read in its entirety, is the best evidence of the statute referenced by Plaintiff in Paragraph 45.

46.

Paragraph 46 asserts legal conclusions and not factual allegations; thus, no response is required. Dover Bay avers that La. R.S. 22:1892, read in its entirety, is the best evidence of the statute referenced by Plaintiff in Paragraph 46.

47.

Dover Bay denies that it is liable for the penalties sought in Paragraph 47.

48.

In response to Paragraph 48, Dover Bay reasserts it defenses and fully incorporates its responses to Paragraphs 1 through 47.

49.

Paragraph 49 asserts legal argument and not factual allegations; thus, no response is required from Dover Bay.

50.

Dover Bay denies the allegations of Paragraph 50.

51.

The allegations of Paragraph 51 are denied and denied for lack of sufficient information to justify a belief therein.

52.

Dover Bay denies that Plaintiff is entitled to recover the relief sought in her Prayer for Relief.

## JURY DEMAND

Dover Bay requests a trial by jury for all issues which may be tried by jury.

## RESERVATION OF RIGHTS

To the extent permitted by law, Dover Bay reserves its right to supplement and amend this Answer and to assert additional Affirmative Defenses as future discovery may warrant and require.

WHEREFORE, Dover Bay prays that this answer be deemed good and sufficient, and that after all legal delays and due proceedings are had, that there be judgment rendered herein in favor of Dover Bay and against Plaintiffs, dismissing Plaintiffs' claims with prejudice and at Plaintiffs' cost, and for all general and equitable relief.

*~Signature block following on next page~*

Respectfully submitted,

*/s/ Meaghan Jeansonne Norris*
DAVID A. STRAUSS, #24665
MEAGHAN JEANSONNE NORRIS, #38785
STRAUSS MASSEY DINNEEN LLC
935 Gravier Street, Suite 1250
New Orleans, Louisiana 70112
Telephone:	(504)380-0290
Facsimile:	(504)332-8434
dstrauss@smd-law.com
mnorris@smd-law.com
*Attorneys for Dover Bay Specialty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*/s/ Meaghan Jeansonne Norris*
MEAGHAN JEANSONNE NORRIS