UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VERNA ALLEN LIGHTFOOT**<br>         **Plaintiff** | Civil No. 6:22-cv-05921 |
| VS. | JUDGE ROBERT S. SUMMERHAYS |
| **DOVER BAY SPECIALTY**<br>**INSURANCE COMPANY** | MAGISTRATE JUDGE: DAVID J. AYO |
| **Defendant** | |

**************************************************************************

## JOINT RULE 26(f) REPORT

Counsel for the Plaintiff Verna Allen Lightfoot and Defendant Dover Bay Specialty Insurance Company have met and conferred as required by Federal Rule of Civil Procedure 26(f) and this Court's Scheduling Order, dated December 22, 2022. Pursuant to Rule 26(f), the counsels of the parties signing below represent that they engaged in a meaningful attempt to meet and confer on the matters outlined below, and hereby submit the following Joint Rule 26(f) Report:

Trial Date:  May 6, 2024

Pretrial Conference Date: April 23, 2024

Type of Trial: JURY

Estimated length of trial is <u>3-5</u> court days

1. **Participants:**

   Nishi Kothari, counsel for the Plaintiff
   The Brasher Law Firm, PLLC
   1122 Orleans Street
   Beaumont, Texas 7701
   Ph: 409-832-3737

{S0408827.1}

      Meaghan Jeansonne Norris, counsel for the Defendant
Strauss Massey Dinneen LLC
935 Gravier Street, Suite 1250
New Orleans, Louisiana 70112
Ph: 504-380-0290

**2. Affirmation Regarding Initial Disclosures:**

The parties have exchanged initial disclosures. Parties both reserve their right to amend their disclosures as additional information becomes available in discovery.

**3. Jurisdictional Basis:**

Jurisdiction based upon 28 U.S.C. 1332 is undisputed.

**4. Plaintiff's Brief Description of Claims:**

This case arises from an insurance dispute between the Plaintiff and the Defendant over damages to her property from Hurricane Ida, and the alleged failure of Dover Bay to properly pay for the same. Plaintiff also contends that the payments Defendant made were untimely, under L.A. R.S. 22:1892 and 22:1973. Plaintiff contends that Defendant has paid less than 10% of the damages that are owed in this claim. The Plaintiff seeks to recover from defendant all damages, penalties, fees, interest, and other relief to which she is legally entitled arising from the defendant insurer's alleged arbitrary and capricious failure to promptly pay full benefits owed under the subject policy.

**5. Defendant's Brief Statement of Responses:**

In response to Plaintiff's claims, Dover Bay admits that it issued a policy of insurance (no. XLH258203) for the property located at 619 David Drive, Patterson, Louisiana 70392, naming Verna Allen Lightfoot as the named-insured, effective June 2, 2021 to June 2, 2022. Dover Bay further admits that on or around May 31, 2022 Plaintiff advised Dover Bay that the property sustained certain wind damages as a result of Hurricane Ida. Dover Bay accurately and timely adjusted Plaintiff's claim for damages sustained as a result of Hurricane Ida. Dover Bay further

denies that Plaintiff is entitled to recover penalties, fees, interest and denies that it acted arbitrarily or capriciously.

Dover Bay asserts and maintains the affirmative defenses set forth in it Answer and Defenses (U.S.D.C. Doc. 8).

**6. Anticipated Amendments to Pleadings and Motions:**

None anticipated at this time.

**7. Anticipated Expert Witnesses:**

Plaintiff has retained a cost estimator in this claim, and if necessary, may also retain an engineer and/or claims' handling expert ("bad faith expert").

Dover Bay may hire an expert contractor, independent adjuster, and/or licensed professional engineer. Dover Bay has not determined who else will be called as an expert in furtherance of its defense but Dover Bay reserves the right to amend its responses as more information becomes available through discovery.

**8. Discovery Plan:**

Plaintiff anticipates seeking discovery related to Defendant's handling of the subject claim and taking the deposition of the claims adjusters, experts and organizational representative.

On January 20, 2023, Dover Bay propounded Interrogatories and Request for Production to Plaintiff. Dover Bay anticipates obtaining all documentation that Plaintiff plans to use at trial and all invoices from suppliers and contractors for actual money spent on repairs and damages from the storm. Dover Bay also plans to depose the Plaintiff and any experts she may use or witnesses she may list.

9. **Stipulations:**

   A. The parties do not dispute that Hurricane Ida occurred on August 29, 2021 and that Plaintiff's claims arise from damages relating to Hurricane Ida.

   B. The parties do not dispute there was an insurance policy (no. XLH258203) in effect for the dwelling.

   C. The parties do not dispute that Plaintiff's deductible under policy no. XLH258203 is $3,740.

   D. The parties do not dispute Dover Bay estimated the replacement cost value of the damages at $9,305.22 for the dwelling and $1,627.65 for the other structure.

   E. The parties do not dispute Dover Bay withheld $615.06 in depreciation for the dwelling and $205.16 in depreciation for the other structure.

   F. The parties do not dispute that Dover Boy has tendered $6,372.65 to the Plaintiff for her Hurricane Ida damages.

10. **Major Issues of Fact and Law in Dispute:**

    The major issues of fact in contention are the scope and price of repairs to the property after Hurricane Ida. The other major issues of law at issue in this case are whether Dover Bay acted in "bad faith" in violation of La. R.S.22:1892 and 22:1973 and/or what is considered bad faith under Louisiana law.

11. **Related Case Information:**

    None that the parties are aware.

12. **Surveillance Evidence:**

    None that the parties are aware.

13. **Alternative Dispute Resolution (ADR):**

   Mediation is expected to be beneficial and to be used as a means of resolving this case.

14. **Rule 16 Conference:**

   The parties believe that they could reasonably come up with a scheduling order without the need for a Rule 16 conference for the Court's review, but should the Court require a Rule 16 conference, the parties are unopposed to the same.

15. **Electronic Courtroom:**

   Both parties anticipate the electronic presentation of exhibits and demonstrative aids and will follow the court's instructions accordingly.

16. **Electronically Generated Exhibits or Aids:**

   The parties anticipate needing technology (*e.g.* a projector) for exhibits and/or demonstrative aids.

17. **Handicap Provisions:**

   None required at this time.

18. **Consent Trials:**

   At this time, the parties do not jointly consent to a trial by the magistrate judge.

*~Signature block following on the next page~*

| | |
|---|---|
| 2/9/2023 | */s/ Nishi Kothari* |
| (Date) | Joe Muckleroy (#30935) |
| | Clint Brasher (#29540) |
| | Nishi Kothari (#39655) |
| | The Brasher Law Firm, PLLC |
| | 1122 Orleans St. |
| | Beaumont, TX 77701 |
| | Phone: 409-832-3737 |
| | Fax: 409-832-3838 |
| | joe@brasherattorney.com |
| | clint@brasherattorney.com |
| | nishi@brasherattorney.com |
| | *Attorney for Plaintiff* |

| | |
|---|---|
| 2/9/2023 | */s/ Meaghan Jeansonne Norris* |
| (Date) | David A. Strauss, #24665 |
| | Meaghan Jeansonne Norris, #38785 |
| | STRAUSS MASSEY DINNEEN LLC |
| | 935 Gravier Street, Suite 1250 |
| | New Orleans, Louisiana 70112 |
| | Telephone: (504)380-0290 |
| | Facsimile: (504)332-8434 |
| | dstrauss@smd-law.com |
| | mnorris@smd-law.com |
| | *Attorneys for Dover Bay Specialty Insurance Company* |

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*/s/ Nishi Kothari*
NISHI KOTHARI