**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

**VERNA ALLEN LIGHTFOOT**          **CASE NO.  6:22-CV-05921**

**VERSUS**                                           **JUDGE ROBERT R. SUMMERHAYS**

**DOVER BAY SPECIALTY INSURANCE CO**    **MAGISTRATE JUDGE DAVID J. AYO**

**MEMORANDUM RULING**

Presently before the Court are the Motion for Partial Summary Judgment on Plaintiff's Personal Property Claim [ECF No. 29] and the Motion for Partial Summary Judgment on Plaintiff's Bad Faith Claims [ECF No. 33], both filed by Dover Bay Specialty Insurance Co. ("Dover Bay"). Plaintiff Verna Allen Lightfoot opposes both motions.

**I.**
**BACKGROUND**

This case involves an insurance coverage dispute over damage to Lightfoot's home in Patterson, Louisiana, that she alleges was caused by Hurricane Ida—a Category 4 storm that made landfall in Port Fourchon on August 29, 2021.[1]  At the time of the hurricane, Dover Bay provided property and casualty insurance coverage on Lightfoot's home under an insurance contract.[2]  On May 31, 2022—more than nine months after Hurricane Ida made landfall—Lightfoot notified Dover Bay that her insured property sustained damage during the storm.[3] Lightfoot testified that she delayed making a claim because she feared that her premiums would increase.[4] Subsequently, when her policy was renewed, her premiums increased despite her not making any claims. While discussing the premium increase with her insurance agent, she was advised that she could still

---

[1] ECF No. 1, ¶ 1.
[2] *Id.*, ¶ 8.
[3] ECF No. 29-4, Declaration of Lisa Deen.
[4] ECF No. 43-1, pp. 46-47.

1

make a claim for the damage allegedly suffered as a result of Hurricane Ida.[5] Lightfoot filed a claim that day—May 31, 2022. Dover Bay's File History Information includes a June 6, 2022 note stating: "Personal property damage: Yes. If yes, explain: Clothes had to be thrown out. All damage items are gone."[6] In 2023, after the filing of the present lawsuit, Lightfoot submitted a spreadsheet listing items of personal property allegedly damaged during the storm, with damages totaling $38,210.[7] Lightfoot testified that she has no photographs of any of the items on the list documenting the damage and that everything on the list was thrown out due to damage and thus unavailable for inspection.[8] Lightfoot provided copies of receipts for various items but, with the exception of one receipt, the receipts were all dated after Hurricane Ida.

## II.
### LAW AND ANALYSIS

#### A.    Summary Judgment Standard.

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought."[9] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10] "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party."[11] As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating

---

[5] *Id.*, at p. 47.
[6] ECF No. 43-3, p. 44.
[7] ECF No. 29-5.
[8] ECF No. 29-3, pp. 126-127.
[9] Fed. R. Civ. P. 56(a).
[10] *Id.*
[11] *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).

by competent summary judgment proof that there is an issue of material fact warranting trial.[12]

When reviewing evidence in connection with a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached."[13] "Credibility determinations are not part of the summary judgment analysis."[14] Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof."[15]

### B.     Personal Property Claim.

Under *Erie Railroad Co. v. Tompkins*,[16] a federal court sitting in diversity jurisdiction applies the substantive law of the forum state.[17] Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code.[18] "When the words of an insurance contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and the courts must enforce the contract as written."[19]

---

[12] *Lindsey v. Sears Roebuck and Co.,* 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).

[13] *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir.2001); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (court must view all facts and evidence in the light most favorable to the non-moving party).

[14] *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002).

[15] *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

[16] 304 U.S. 64 (1938).

[17] *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991).

[18] *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016).

[19] *Sims v. Mulhearn Funeral Home, Inc.*, 956 So.2d 583, 589 (La. 2007) (citing La. Civ. Code art. 2046).

The policies at issue impose certain "Duties After Loss" upon Lightfoot, including providing Dover Bay with access to damaged property, providing Dover Bay with any requested records or documents, and preparing an inventory of damaged property "showing in detail, the quantity, description, actual cash value and amount of loss."[20] "Louisiana law teaches that failure to fulfill policy requirements that are conditions precedent to an insurance contract precludes suit under the policy[.]"[21] As such, an insured's failure to cooperate with the insurer and to fulfill his or her obligations under the policy may amount to a material breach of the contract and a defense to suit.[22] Louisiana courts have emphasized, however, that a cooperation clause is not an escape hatch allowing insurers to freely avoid liability. It is not the law of Louisiana that any failure to comply with the policy conditions, no matter how trivial, will relieve an insurer from liability under the policy it drafted and issued.[23] Rather, dismissal based on a lack of cooperation is "a draconian remedy" and is appropriate only where the insurer can establish actual prejudice.[24]

In the present case, the only evidence which Lightfoot has presented with regard to the loss of personal property is a spreadsheet she prepared in 2023 *after* this lawsuit was filed and twenty-one pages of receipts which she asserts support her claim.[25] The Court has reviewed these receipts and, with the exception of one receipt, all of the receipts are dated *after* Hurricane Ida. Accordingly, they cannot serve as evidence of personal property Lightfoot owned—or the value of any property owned—at the time of the storm. The one receipt dated prior to the storm is from Compass

---

[20] ECF No. 29-6, Dover Bay policy number XLH258203.

[21] *Mosadegh v. State Farm Fire & Cas. Co.,* 330 F. App'x 65, 65 (5th Cir. 2009) (citing *Lee v. United Fire & Casualty Co.,* 607 So.2d 685, 688 (La. Ct. App. 4th Cir. 1992); *Robbert v. Equitable Life Assur. Soc.,* 46 So.2d 286 (La. 1949)).

[22] *Spindel v. Bankers Spec. Ins. Co.,* 2010 WL 5439706, at *2 (E.D. La. Dec. 28, 2010).

[23] *Jackson v. State Farm Fire & Cas. Co.,* 2010 WL 724108, at *8 (E.D. La. Feb. 22, 2010).

[24] *Kerr v. State Farm Fire & Cas. Co.,* 934 F.Supp.2d 853, 857–58 (M.D. La. 2012) (internal quotations omitted); *Illinois Union Ins. Co. v. La. Health Serv. and Indem. Co.,* 257 F.Supp.3d 763, 797 (E.D. La. 2017).

[25] ECF No. 43-7.

Furniture but the description of the items listed reflects living room furniture. Lightfoot included no living room furniture in her list of items lost in the storm.

Moreover, the receipts dated post-Hurricane Ida do not match any of the items listed on Lightfoot's spreadsheet and thus do not appear to be replacement items. Some of the receipts include items that may reflect Lightfoot's attempts to repair her home but these expenses are not relevant to her personal property loss claim. Accordingly, Lightfoot failed to fulfill her contractual duty to cooperate. Further, Dover Bay can establish prejudice, given that none of the items claimed are available for inspection and no photographic evidence is available to establish whether and how the items were damaged. Dover Bay is under no duty to issue payment when it is deprived of the opportunity to adequately investigate the claim. Dover Bay's motion for summary judgment on this issue is therefore granted.

### C.    Bad Faith Claim.

Lightfoot's claim for "bad faith" penalties and attorney fees is based on two statutes with similar terms. Louisiana Revised Statute 22:1892 requires insurers to pay undisputed sums owed to their insured within 30 days of the insured presenting satisfactory proof of a loss covered by the insurance policy. Louisiana Revised Statute 22:1973 establishes the same obligation to pay, but within 60 days of proof of loss. The two statutes, 22:1892 and 22:1973 differ with regard to the remedies available to the insured when an insurer violates its duties under the statutes. For an insured to prevail on a claim for statutory penalties, the insured must prove: (1) the insured presented satisfactory proof of loss, (2) the insurer did not timely pay the loss proven and (3) the insurer's conduct is "arbitrary, capricious or without probable cause."[26]

---

[26] La. R.S. 22:1892.

Because bad faith statutes are penal in nature they must be strictly construed.[27] Satisfactory proof of a covered loss, standing alone, is insufficient to recover penalties and attorney's fees— the insured must also prove that the insurer's decision not to pay, or the insurer's untimely payment, is "arbitrary capricious, or without probable cause."[28] Ordinarily, "bad faith should not be inferred from an insurer's failure to pay within the statutory time limits."[29] The Louisiana Supreme Court has specifically addressed the interpretation of "arbitrary, capricious or without probable cause" in the context of an insurer's duty to pay a claim:

> [T]he New Oxford English American Dictionary defines an arbitrary" act as one "'based on random choice or personal whim, rather than reason or system,'" and capricious as "'given to sudden and unaccountable changes in behavior.'" Id. at 1020. The phrase "arbitrary, capricious, or without probable cause" is synonymous with "vexatious," and a "vexatious refusal to pay" means "unjustified, without reasonable or probable cause or excuse." Id. at 1021. *See also La. Maint. Servs., Inc. v. Certain Underwriters at Lloyd's of London*, 616 So.2d 1250, 1253 (La. 1993). Both phrases describe an insurer whose willful refusal of a claim is not based on a good-faith defense. *Reed*, 857 So.2d at 1021. *See also La. Maint.,* 616 So.2d at 1253.[30]

Further, the Fifth Circuit has stated that where there are "substantial, reasonable and legitimate questions as to the extent of an insurer's liability or an insured's loss, failure to pay within the statutory time period is not arbitrary, capricious or without probable cause."[31] Where a claim presents reasonable and legitimate questions as to the extent and causation of a claim, the insurer likewise has not acted in a "vexatious" manner by declining to pay or paying untimely.[32] The examination of whether an insurer is "arbitrary or capricious" depends on the "facts known to the insurer at the time of its action[.]"[33] While an insurer "need not tender payment for amounts that

---

[27] *Baak v. McIntosh*, 2020-0154 (La. 6/30/21), 333 So.3d 1206, 1217.

[28] La. R.S. 22:1892(B)(1); *First United Pentecostal Church v. Church Mut. Ins. Co*., 119 F.4th 417 (5th Cir. 2024).

[29] *Reed v. State Farm Auto. Ins. Co*., 03-0107 (La. 10/21/03), 857 So.2d 102, 1021.

[30] *La. Bag Co. v. Audubon Indem. Co.,* 08-0453 (La. 12/02/08); 999 So.2d 1104, 1114.

[31] *First United Pentecostal Church v. Church Mut. Ins. Co*., 119 F.4th 417, 428 (5th Cir. 2024) (quoting *Louisiana Bag Co., Inc*, supra).

[32] *Id*. (citing *Reed v. State Farm Auto. Ins. Co*., 857 So.2d 102, 1021).

[33] *Id*. at pg. 6 (quoting *First. Am. Bank v. First Am. Transp. Title Ins. Com.,* 759 F.3d 427, 436 (5th Cir. 2014)).

are reasonably in dispute…there can be no good reason – or no probable cause – for withholding an undisputed amount."[34] In summary, even if a trier of fact determines that an insurer's scope of loss and related payments are incorrect or inadequate, or finds that the insurer paid a claim after the statutory time period, the insured may not recover penalties if the insurer has a good faith explanation for how it adjusted the claim.[35]

Here, Lightfoot points to inconsistencies between the in-house and third-party adjusters hired by Dover Bay and, more significantly, points to Dover Bay's failure to promptly hire an engineer to determine whether damage was caused by the hurricane or by settlement. Dover Bay argues that even if Lightfoot prevails on her contract claims, they had a valid basis to dispute her claims and, therefore, did not act in bad faith. Whether or not an insurer's actions were arbitrary, capricious or without probable cause is a fact issue to be determined by the trier of fact.[36] Further, to establish a violation, an insured need not prove "specific acts" or even "the insurer's state of mind." Rather, the penalizing nature of an insurer's failure to pay can generally be determined from just "survey[ing] . . . all facts and evidence."[37] In the present case, the summary judgment record reveals triable issues of fact with respect to bad faith. Accordingly, Dover Bay's Motion for Summary Judgment on Bad Faith is denied.

## III.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment on Plaintiff's Personal Property Claim [ECF No. 29] is GRANTED and Plaintiff's personal property claim is

---

[34] *Id.* (quoting *Louisiana Bag Co. Inc*, supra.)
[35] *First United Pentecostal Church*, 119 F. 4th at 427-28.
[36] *La. Bag*, 999 So.2d at 1120.
[37] *Id.* at 1121.

DISMISSED; and the Motion for Partial Summary Judgment on Plaintiff's Bad Faith Claims [ECF No. 33] is DENIED.

THUS DONE in Chambers on this 3rd day of July, 2025.

_____
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE